Filed 05/14/09    Case 09-90730    Doc 26
RECEIVED 2009/05/06 18:47:24
FILED
May 14, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001832134

Form 240A - Reaffirmation Agreement (1/07)

☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## District of CALIFORNIA MODESTO

In re <u>Sonia Lopez</u>,
    Debtor

Case No. <u>09-90730</u>
Chapter <u>7</u>

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)

☐ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement

☐ Part E: Motion for Court Approval

☐ Part C: Certification by Debtor's Attorney

[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]

**Name of Creditor:** <u>Wells Fargo Bank, N.A., Wells Fargo Auto Finance</u>

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1.  **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:          $11,566.25

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

Form 240A - Reaffirmation Agreement (Cont.)                    2
### ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

~~(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.~~

~~— And/Or —~~

~~(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

~~$_____ @ _____%;~~
~~$_____ @ _____%;~~
~~$_____ @ _____%.~~

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>15.90%</u>.

— And/Or —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>8.00%</u>. If different simple interest rates apply to different balances included in the amount reaffirmed,

**Form 240A - Reaffirmation Agreement (Cont.)**     3

the amount of each balance and the rate applicable to it are: $

_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>
06 PONTIAC G6
VIN: 1G2ZM551164130126

<u>Original Purchase Price or Original Amount of Loan</u>
$18,784.00

<u>Optional</u>---*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**<u>Repayment Schedule:</u>**

~~Your first payment in the amount of _____ is due on _____, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.~~

—Or—

~~Your payment schedule will be: \_\_\_\_\_ (number) payments in the amount of _____ each, payable monthly on the _____ (day) of each _____ (week, month, unless altered later by mutual agreement in writing.)~~

—Or—

Your payment schedule will be: <u>61</u> payments in monthly installments of <u>$232.00</u> commencing on <u>05/06/2009</u> and continuing on the same day of each succeeding month.



Form 240A - Reaffirmation Agreement (Cont.)                          4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Form 240A - Reaffirmation Agreement (Cont.)**                                           5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A - Reaffirmation Agreement (Cont.) 6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Contract Type: Installment Contract; Contract Date: 07/23/2006; Account No. [redacted]

   Original Credit Term: 73; Original APR: 15.90%; Original Monthly Payment: $576.16
   Original Amount Financed: $20,020.50

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

   **This reaffirmation reduces: the balance from $18,261.85 to $11,566.25, the interest rate from 15.90% to 8.00%, and the monthly payment from $576.16 to $232.00 effective 03/20/2009.**

SIGNATURE(S):

Borrower:

Sonia Lopez
(Print Name)

*(Signature)*

Date: 5-6-09

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)
Date: _____

Accepted by creditor:

Wells Fargo Bank, N.A. Wells Fargo Auto Finance
(Printed Name of Creditor)

13675 Technology Drive, Bldg. C, 2nd Floor
Eden Prairie, MN 55344-2252
(Address of Creditor)

*(Signature)*

PAM WELTERS, Bankruptcy Specialist
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance: 5/7/09

**Form 240A - Reaffirmation Agreement (Cont.)**                                    7

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

Form 240A - Reaffirmation Agreement (Cont.)      8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ _2200_ , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ _1200_ , leaving $ _1,000_ to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _I am currently employed by Stanislaus County Mental Health & Expected to increase hours in June 2009_

(Use an additional page if needed for a full explanation.)

2. Provide the information requested below and then check one of the applicable paragraphs.
Schedule I Total Income = _2200_     Schedule J Total Expenses = _1200_

a. _X_ There **IS NOT** a difference between the total income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above.

b. ___ There **IS** a difference between the total income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above. The difference between the income and expenses stated in Schedules I and J and the income and expenses stated in Paragraph 1 above is due to the following: _____

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _/s/ Sonia Lopez_
(Debtor)

_____
(Joint Debtor, if any)

Date: _5-6-09_

— Or —

[If the creditor is a Credit Union and the debtor is represented by an attorney]

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

Form 240A - Reaffirmation Agreement (Cont.)     9

## PART E: MOTION FOR COURT APPROVAL

*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

    ☒ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

    ☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _[signature]_
(Debtor)

_____
(Joint Debtor, if any)

Date: 5-6-09

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE INTEREST FINAN...

Dealer Number _____ Contract Number _____ R.O.S. Number _____

**Buyer Name and Address** (Including County and Zip Code)
SONIA LOPEZ
825 N DIVISADERO ST
VISALIA CA 93291 VISALIA

**Co-Buyer Name and Address**

**Creditor - Seller** (Name and Address)
BRET'S AUTO CENTER
1500 W EL MONTE WAY
DINUBA CA 93618

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2006 | PONTIAC G-6 GTP | 23284 | 1G2ZM551164130126 | ☒ personal, family or household ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including down payment of $ 1000.00 |
|---|---|---|---|---|
| 15.90 % | $ 11375.10 (e) | $ 20020.50 | $ 31395.60 (e) | $ 32395.60 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71 Payments | 436.05 | Monthly, Beginning 09/06/2006 |
| Payments | N/A | Monthly, Beginning |
| One Final Payment | 436.05 | DUE ON 08/06/2012 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving us a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ......... $ 18784.00 (A)
      1. Cash Price Vehicle $ 18495.00
      2. Cash Price Accessories $ N/A
      3. Other (Nontaxable)
         Describe _____ $ 289.00
         Describe N/A $ N/A
   B. Document Preparation Fee (not a governmental fee) $ 45.00 (B)
   C. Smog Fee Paid to Seller $ N/A (C)
   D. Theft Deterrent Device $ N/A (D)
   E. Theft Deterrent Device $ N/A (E)
   F. Surface Protection Product $ N/A (F)
   G. Surface Protection Product $ N/A (G)
   H. Sales Tax (on taxable items in A through G) $ 1390.50 (H)
   I. Optional DMV Electronic Filing Fee* $ N/A (I)
   J. (Optional) Service Contract (to whom paid) N/A $ N/A (J)
   K. (Optional) Service Contract (to whom paid) N/A $ N/A (K)
   L. Prior Credit or Lease Balance paid by Seller to N/A $ N/A (L)
   (see downpayment and trade-in calculation)
   M. (Optional) Gap Contract (to whom paid)* _____ $ 595.00 (M)
   N. (Optional) Used Vehicle Contract Cancellation Option Agreement $ N/A (N)
   O. Other (to whom paid)* N/A $ N/A (O)
      For N/A
   **Total Cash Price (A through O)** $ 20814.50 (1)

2. **Amounts Paid to Public Officials** ESTIMATED
   A. License Fees $ 122.00 (A)
   B. Registration/Transfer/Titling Fees $ 76.00 (B)
   C. California Tire Fees* $ N/A (C)
   D. Other N/A $ N/A (D)
   E. Other N/A $ N/A (E)
   **Total Official Fees (A through E)** $ 198.00 (2)

3. **Amount Paid to Insurance Companies**
   (Total premiums from Statement of Insurance column a + b)* $ N/A (3)

4. **Smog Certification or Exemption Fee Paid to State** $ 8.00 (4)

5. **Subtotal** (1 through 4) $ 21020.50 (5)

6. **Total Downpayment**
   A. Agreed Trade-In Value Yr N/A Make N/A
      Model N/A Odom N/A
      VIN N/A $ N/A (A)
   B. Less Prior Credit or Lease Balance $ N/A (B)
   C. Net Trade-In (A less B) (indicate if a negative number) $ N/A (C)
   D. Deferred Downpayment $ N/A (D)
   E. Manufacturer's Rebate $ N/A (E)
   F. Other N/A $ N/A (F)
   G. Cash $ 1000.00 (G)
   **Total Downpayment (C through G)** $ 1000.00 (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1L above)

7. **Amount Financed** (5 less 6) $ 20020.50 (7)

*Seller may keep part of these amounts.

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.
Proceeds of Loan From: N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A installments of $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable: N/A

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X _____ Buyer    X _____ Co-Buyer

## STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any particular insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**
$ N/A Ded. Comp., Fire & Theft Term Mos. Premium $ N/A
$ N/A Ded. Collision Mos. $ N/A
Bodily Injury $ N/A limits Mos. $ N/A
Property Damage $ N/A limits Mos. $ N/A
Medical $ N/A Mos. $ N/A
Total Vehicle Insurance Premiums $ N/A

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.
You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.
Buyer X _____
Co-Buyer X _____
Seller X _____

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | N/A | $ N/A |
| Credit Disability | N/A Mos. | N/A | $ N/A |
| Total Credit Insurance Premiums | | | $ N/A |

Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

X N/A _____ N/A N/A
Date Buyer Signature Age
N/A X N/A N/A
Date Co-Buyer Signature Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1M. See your gap contract for details on the protection it provides. It is a part of this contract.
Term 72 Mos _____
Name of Gap Contract
You ☐ want ☒ do not want to buy a gap contract.
Buyer X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1J and/or 1K above.

1J Company N/A
Term N/A Mos. or N/A Miles
1K Company N/A
Term N/A Mos. or N/A Miles
Buyer X _____ N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.
Buyer Signs X _____
Co-Buyer Signs X _____

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A, Year N/A SELLER'S INITIALS _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
**WARNING:** YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER; HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X _____  X _____

**Representations of Buyer:** Seller has relied on the truth and accuracy of the information provided by you in connection with the Trade-In Vehicle. You represent that you have given a true payoff amount on the vehicle traded in. If the payoff amount is more than the amount shown above in item 6B as "Prior Credit or Lease Balance," you must pay Seller the excess on demand. If the payoff amount is less than the amount shown above in item 6B as "Prior Credit or Lease Balance," Seller will refund the difference to you.
Buyer X _____  Co-Buyer X _____

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.
If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.
Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a motorcycle or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X _____ Date 07/23/06  Co-Buyer Signature X _____ Date N/A
Co-Buyers and Other Owners - A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other Owner Signature X _____   Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing under this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if Buyer cannot be sued or if Buyer's debt has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to: be liable even if we do one or more of the following: (1) give Buyer more time to pay one or more payments; (2) give a full or partial release to any Guarantor; (3) release any security; (4) settle or compromise any claim we have against Buyer for less than the total amount owing; or (5) otherwise reach a settlement with Buyer concerning this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing. Each Guarantor waives notice of acceptance of this Guaranty, notice of Buyer's non-payment, non-performance, and default, and notice of the amount owing at any time and of any demands upon the Buyer.

Guarantor X _____ Date _____   Guarantor X _____ Date _____
Address _____   Address _____                                 JUL 28 2006
Seller Signs BRET'S AUTO CENTER Date 07/23/06 By X _____   Title _____   ORIGINAL LIENHOLDER

LAW FORM NO. 553-CA

### OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to the other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

---
**GAP LIABILITY NOTICE**
In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

---

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
- You do not pay any payment on time;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If the money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**
If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. Applicable Law.**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**7. Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

---
**CREDIT DISABILITY INSURANCE NOTICE CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us also as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---
**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| Seller assigns its interest in this contract to | WellsFargo | (Assignee) at (address) under the terms of Seller's agreement(s) with Assignee. |
|---|---|---|
| | ☐ Assigned with recourse　☑ Assigned without recourse　☐ Assigned with limited recourse | |
| Seller  BRET'S AUTO CENTER | By _____ | Title  BUSINESS MANAGER |

Form No. 553-CA 7/06

**TO PROPERLY RELEASE YOUR LIABILITY, PLEASE COMPLETE AND FOLLOW INSTRUCTIONS ON REVERSE SIDE**
SECTIONS A-J MUST BE COMPLETED IN FULL — PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

## NOTICE OF TRANSFER AND RELEASE OF LIABILITY
*MAIL THIS FORM TO DMV*

DMV MICROGRAPHICS USE ONLY

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME  FIRST
B. NEW OWNER'S ADDRESS  APT NUMBER  C. ODOMETER READING (NO TENTHS)
D. CITY  STATE  ZIP CODE  E. DATE OF SALE OR LEASE RETURN  MO DAY YR
F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME  FIRST  G. SELLING PRICE (NO CENTS) WHOLE DOLLARS
H. SELLER'S OR LESSEE'S ADDRESS  APT NUMBER  I. SELLER'S OR LESSEE'S SIGNATURE  X
J. CITY  STATE  ZIP CODE

VEHICLE ID NUMBER: 1G2ZM551164130126
YR. MODEL MAKE: 2006 PONT
PLATE NUMBER: 5NRZ194

REG 138A (REV. 8/2007)

---

## STATE OF CALIFORNIA
### CERTIFICATE OF TITLE

Q53080507VT
AUTOMOBILE
VEHICLE ID NUMBER: 1G2ZM551164130126
YR: 2006  MAKE: PONT  PLATE NUMBER: 5NRZ194
BODY TYPE MODEL: 4D  AX:  UNLADEN WEIGHT:  FUEL: G  TRANSFER DATE:  FEES PAID: NONE  REGISTRATION EXPIRATION DATE: 07/14/2008
YR 1ST SOLD: 2005  CLASS: EF  YR: 2006  MO: PS  EQUIPMT/TRUST NUMBER:  ISSUE DATE: 05/15/08
MOTORCYCLE ENGINE NUMBER:
ODOMETER DATE: 07/23/2006  ODOMETER READING: 23284 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)
LOPEZ SONIA
27 JARED WAY
FREEDOM CA 95019

VEHICLE HISTORY

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.
1a. ___DATE___  X ___SIGNATURE OF REGISTERED OWNER___
1b. ___DATE___  X ___SIGNATURE OF REGISTERED OWNER___

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
The odometer now reads [        ] (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.
WARNING  ☐ Odometer reading is not the actual mileage.  ☐ Mileage exceeds the odometer mechanical limits.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
DATE  TRANSFEROR/SELLER SIGNATURE(S)  DATE  X TRANSFEREE/BUYER SIGNATURE(S)
PRINTED NAME OF SELLER OR AGENT SIGNING FOR A COMPANY  PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

### IMPORTANT READ CAREFULLY
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.
LIENHOLDER(S)
WELLS FARGO AUTO FIN INC
PO BX 53439
PHOENIX
AZ 85072

2. X ___
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date

CA 1110511113
026452

**KEEP IN A SAFE PLACE - VOID IF ALTERED**